■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD LA RUE, Appellant.— Appeal by defendant from a judgment of the County Court, Nassau County, rendered October 3, 1973, convicting him of criminally selling a dangerous drug in the third degree and criminally possessing a dangerous drug in the fourth degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. No questions of fact were raised on this appeal and none were considered. At the trial, defendant, testifying on his own behalf, was cross-examined about his alleged participation as a youth in robberies of a taxi driver and of a Good Humor vendor. Defendant denied any participation in the robberies. Whether these robberies had or had not resulted in youthful offender convictions is, of course, a confidential matter which may not be broached at trial; only the underlying acts may be raised (*People* v. *Rahming,* 26 N Y 2d 411). Despite defendant's denial of the underlying acts, and over the objection of defense counsel, the prosecution introduced into eviden´ , for purposes of impeaching defendant's credibility, purported confessions by him of the underlying acts, which the trial court characterized as "prior inconsistent" statements. Subsequently the court reversed its ruling that the purported confessions were admissible and instructed the jury that the confessions were to be " withdrawn from evidence and * * * remarked [as exhibits] for identification." Introduction of extrinsic documentary material on a matter collateral to the trial issues, solely for the purpose of impeaching a defendant's credibility, is improper, as the trial court in the instant case ultimately recognized (*People* v. *Schwartzman,* 24 N Y 241; *People* v. *Duncan,* 13 N Y 2d 37; *People* v. *McCormick,* 303 N. Y. 403; *People* v. *Sorge,* 301 N. Y. 198). Upon defendant's denial of the underlying acts, the prosecution was precluded from further exploration of the topic. We do not agree with the People's contention that the prejudicial effect of the introduction in evidence of the alleged confessions was sufficiently erased by the trial court's explanation that they were to be withdrawn from evidence and remarked for identification. The actual introduction of the documents, despite a thorough, direct and clear direction from the court that the material was not to be considered at all, would alone constitute ground for a mistrial. In the instant case the error was compounded by the trial court's characterization of the confessions, when initially admitting them, as " inconsistent " with defendant's trial testimony. The court also erred in rejecting evidence that the undercover officer who allegedly bought drugs from defendant had given very similar testimony in a similar case in which he had testified to a purchase of drugs only 15 minutes prior to the alleged sale in the instant case. Such evidence bore on the officer's credibility, which was crucial, since he was one of only three prosecution witnesses, the others being a police officer who had not been able to identify defendant and a witness who testified only as to the chemical content of the drugs purchased. Cohalan, Acting P. J., Brennan, Benjamin, Munder and Shapiro, JJ., concur.