■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED MICHAEL COLEMAN, Appellant. — Appeal by defendant from a judgment of the County Court, Suffolk County, rendered June 23, 1978, convicting him of criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence. Judgment affirmed. Appellant raises the issue, for the first time on appeal, that the police, without consent or a search warrant, entered upon a privately owned unfenced railroad siding, used by appellant for the storage of railroad cars, in order to examine a Hobart generator which had been standing outdoors on the property in full view of passers-by. Since CPL 710.60 requires all grounds upon which suppression of evidence is urged to be set forth in the moving papers, this issue is not preserved for review on appeal. (See *People v Tutt,* 38 NY2d 1011.) Appellant urges as a second ground for reversal that it was error to cross-examine him regarding his having published pamphlets which instructed people as to how to cheat the telephone company by using slugs, etc., and how to buy goods without paying sales tax. "[A] defendant who chooses to testify may be cross-examined concerning any immoral, vicious or criminal acts of his life which have a bearing on his credibility as a witness, provided the cross-examiner questions in good faith and upon a reasonable basis in fact" *(People v Greer,* 42 NY2d 170, 176; *People v Sorge,* 301 NY 198). On the facts of this case, the publishing of books or pamphlets, an activity protected under the First and Fourteenth Amendments, should not be categorized as an "immoral act" under this rule. It was similarly error to admit the pamphlets into evidence as "Introduction of extrinsic documentary material on a matter collateral to the trial issues, solely for the purpose of impeaching a defendant's credibility, is improper" *(People v La Rue,* 47 AD2d 649; *People v Schwartzman,* 24 NY2d 241, cert den 396 US 846; *People v Duncan,* 13 NY2d 37). The errors here were nonconstitutional and therefore are prejudicial only if it is concluded "that there is a significant probability, rather than only a rational possibility * * * that the jury would have acquitted the defendant had it not been for the error or errors which occurred" (see *People v Crimmins,* 36 NY2d 230, 242). In light of the overwhelming evidence of appellant's guilt and the court's curative charges, there is no "significant probability" that acquittal would have resulted had it not been for the errors. Accordingly, the judgment is affirmed. Mollen, P. J., Hopkins, Damiani and Titone, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHN FRIDELL, Respondent. — Appeal by the People from an order of the Supreme Court, Kings County, entered January 9, 1980, which granted defendant's motion to suppress physical evidence. Order reversed, on the law, and motion to suppress denied. The special circumstance of being a parolee and the close supervision required by that condition are factors which must be considered when a search has been made of a parolee's residence and that search is the subject of review for a possible violation of Fourth Amendment protections. *(People v Huntley,* 43 NY2d 175; *United States ex rel. Santos v New York Bd. of Parole,* 441 F2d 1216.) Parole officers are charged with a duality of responsibility and duty — to the public and to the parolee. When they conduct a search of a parolee's residence, it is required that the search bear a substantially rational and reasonable relation to the officer's performance of that duty. No more than that, however, has been required. (See *People v Huntley, supra.)* Under the circumstances presented herein, that requirement was met. Mangano, J. P., Rabin, Margett and Weinstein, JJ., concur.