■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD WARREN WILLIAMS, Appellant.—Appeal by the defendant, by permission, from an order of the County Court, Nassau County (Mackston, J.), dated November 29, 1989, which, after a hearing, denied his motion pursuant to CPL article 440 to vacate a judgment of the County Court, Nassau County (Vitale, J.), rendered July 12, 1978, convicting him of kidnapping in the first degree, grand larceny in the first degree, and conspiracy in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the order is affirmed, without prejudice to the defendant raising a claim pursuant to *Batson v Kentucky* (476 US 79), upon his direct appeal from the judgment of conviction.

The defendant, in a motion pursuant to CPL article 440, sought vacatur of his conviction based on a violation of the equal protection principles enunciated in *Batson v Kentucky (supra)*. Since the voir dire minutes were unavailable due to partial destruction by fire, the defendant sought relief pursuant to CPL 440.10 (1) (f), asserting that his claim was based on matters outside the record. At the hearing conducted in connection with the defendant's motion, the prosecutor who tried the case and the defendant testified as to their recollections of the voir dire proceedings. This hearing was, in effect, a reconstruction hearing of the record of proceedings before the trial court. Since the minutes of that hearing are part of the trial record, which are reviewable upon direct appeal, the defendant's *Batson* claim should be raised on the direct appeal from his judgment of conviction (CPL 440.10 [2] [b]). Thompson, J. P., Balletta, Harwood and Copertino, JJ., concur.