■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME VAN BUREN, Appellant. [604 NYS2d 188] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lonschein, J.), rendered December 13, 1991, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Dufficy, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant was arrested pursuant to an arrest warrant by a New York City police detective who was assigned to the Warrant Division of the Parole Task Force. The charges concerned violation of the terms of the defendant's parole, including a failure to report to his parole officer. At the time of the arrest at the defendant's residence the detective made a search of the living room area where the defendant had been lying on a mattress, and recovered a fully loaded handgun from under a couch seat cushion next to that mattress. The defendant contends that because the arrest and search were not conducted by his parole officer, exigent circumstances had to be present justifying the search, which were not present in this case.

We disagree. By dint of the detective's assignment to the Parole Task Force, whose job it was to locate parole absconders, and the fact that the purpose of the visit to the defendant's residence was to make an arrest under a warrant for parole violation, no relevant distinction exists between the detective and the defendant's parole officer in this case. The detective was also in possession of the defendant's record, which included a conviction for assault and criminal possession of a weapon, the very conviction for which he had been incarcerated and subsequently paroled. Under these circumstances, the detective's search was justified *(see, People v Huntley,* 43 NY2d 175; *cf., People v Mackie,* 77 AD2d 778, 779). Mangano, P. J., Thompson, Sullivan and Ritter, JJ., concur.