■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD W. WILLIAMS, Appellant. [620 NYS2d 85] —Appeal by the defendant from a judgment of the County Court, Nassau County (Vitale, J.), rendered July 12, 1978, convicting him of kidnapping in the first degree, conspiracy in the first degree and grand larceny in the first degree, upon a jury verdict, and imposing sentence. The appeal from the judgment brings up

for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and are determined to have been established.

At the time of jury selection in this case, in 1978, the Supreme Court had not yet decided the case of *Batson v Kentucky* (476 US 79), and the law at the time did not require the prosecutor to give reasons for his peremptory challenges, unless it could be established that the prosecutor's office was using its peremptory challenges systematically to exclude minorities from juries over a period of time *(see, Swain v Alabama,* 380 US 202; *People v McCray,* 57 NY2d 542, *cert denied* 461 US. 961). Thus, at the time of jury selection here, the prosecutor gave no reasons for his peremptory challenges of six black potential jurors. In 1986, when the *Batson* case was decided, the defendant had not yet exhausted his direct appeal, due to the loss by fire of certain transcripts, the necessity for a reconstruction hearing, and other delays. In *Griffith v Kentucky* (479 US 314), the United States Supreme Court held that the principles enunciated in the *Batson* case were to be applied retroactively to all cases pending on direct appeal *(see also, People v Scott,* 70 NY2d 420, 423).

In 1989, as a result of the loss of certain of the voir dire minutes in this case, the defendant was granted a hearing pursuant to CPL 440.10 (1) (f) to pursue his allegation that the prosecutor had used his peremptory challenges in a racially discriminatory manner. Following the hearing, the court denied the defendant's motion, and the defendant was granted leave to appeal to this Court. This Court affirmed the denial of the defendant's motion without prejudice to the defendant raising his claim under *Batson v Kentucky (supra)* on his direct appeal from his judgment of conviction, and treated the hearing pursuant to CPL 440.10 as a reconstruction hearing of the voir dire *(see, People v Williams,* 181 AD2d 846).

The People contend that the defendant's *Batson* claim is unpreserved for appellate review, because the record is complete, and demonstrates that the defense counsel did not sufficiently object to the prosecutor's use of peremptory challenges to exclude potential black jurors. We disagree. At the hearing conducted in 1989 on the *Batson* issue, the prosecutor admitted that, at the voir dire, the defense had requested that the prosecutor be made to give his reasons for his challenge of

at least one black potential juror. This colloquy does not appear in the record, which belies the People's contention that the record is complete in this regard. Furthermore, the defendant contends that he made several motions for mistrials on *Batson* grounds during the voir dire. Given the clearly incomplete voir dire record, and the prosecutor's admission that the defendant did request that the prosecutor give his reasons for at least one of his peremptory challenges, we find the issue to be preserved for appellate review.

Further, the defendant made a prima facie showing that the prosecutor's peremptory challenges were racially motivated. Thus, the burden shifted to the prosecutor to give race-neutral explanations for his peremptory challenges *(see, Batson v Kentucky, supra,* at 97; *People v Childress,* 81 NY2d 263, 266; *People v Jenkins,* 75 NY2d 550, 555-556).

It is not sufficient for the prosecutor to merely allege good faith *(see, Batson v Kentucky, supra,* at 96-98; *People v Jenkins, supra,* at 556). The prosecutor, understandably, was able to recall his reasons for challenging only three of the black prospective jurors whom he had challenged, since the jury selection was conducted more than 11 years before the hearing. With respect to the remaining prospective jurors, the prosecutor was only able to assert that none of his challenges was racially motivated. This amounts to a mere allegation of good faith, and the United States Supreme Court and the Court of Appeals have rejected the prosecutor's assertion of good faith as a sufficient race-neutral explanation. The failure of the prosecutor to recall the other prospective jurors and his inability to assert race-neutral reasons for challenging those jurors is dispositive of the *Batson* issue *(see, People v Brown,* 193 AD2d 611; *People v Bozella,* 161 AD2d 775), and no exception exists in the law for excusing his failure of memory, despite the passage of a number of years.

We have examined the defendant's remaining contentions and find them to be without merit. Miller, J. P., O'Brien, Joy and Krausman, JJ., concur.