■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMEL STEWART, Appellant. [656 NYS2d 304] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered October 24, 1995, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On appeal, the only issue raised by the defendant concerns whether he provided the trial court with a sufficient race-neutral explanation for peremptorily challenging juror No. 11. Thus, this Court's review in the instant case focuses only on steps two and three of the three-step process in determining whether an exercise of a peremptory strike is infected by purposeful discrimination (*see, People v Payne*, 88 NY2d 172).

At step two, the " 'explanation' required of a striking party is quite minimal, and mere *facial* race neutrality fulfills the burden of production" (*People v Payne*, 88 NY2d 172, 183, *supra*). Although the explanation offered by one exercising a peremptory challenge need not be " 'persuasive or even plausible' " (*People v Payne, supra*, at 183), the party exercising the peremptory challenge must at a minimum, state *some reason*. Here, the defendant's purported explanation, that he did not have enough information about the venire person in question and that his peremptory challenge had nothing to do with race, amounts to an admission that he had no explanation. To the extent that the defendant asserted, in conclusory terms, that his reason for peremptorily striking the juror in question was not related to race, this mere "assertion of good faith as a sufficient race-neutral explanation" must be rejected (*see, People v Williams*, 210 AD2d 361, 363; *People v Hameed*, 183 AD2d 847, *affd* 88 NY2d 232, *cert denied* — US —, 117 S Ct 704 [Jan. 6, 1997]). That the defendant, essentially, offered no reason at all with respect to his challenge of the juror is dispositive of the *Batson* issue (*see, People v Williams, supra; People v Brown*, 193 AD2d 611, 612).

Even if this Court were to find that the defendant's statement that he did not have enough information about juror No. 11 was a facially race-neutral explanation, the record developed

in the trial court provided a sufficient basis to conclude that this explanation was, ultimately, pretextual (*see, People v Payne, supra,* 88 NY2d, at 185). Although the trial court did not use the word "pretext", based upon the court's language that the defendant's explanation "[did not] appear to be a reason at all", the finding of pretext is reasonably inferred and supported (*see, People v Payne, supra*). Upon review of the information elicited from the various venirepersons, the defendant knew as much, *if not less,* about several unchallenged venirepersons who were ultimately seated, than he did about juror No. 11.

The trial court's determination is entitled to great deference on appeal and should not be disturbed where, as here, it is supported by the record, and there is no evidence establishing that the court committed "clear error" (*see, Hernandez v New York,* 500 US 352; *People v Richie,* 217 AD2d 84, 87; *People v Jones,* 213 AD2d 677, *mod on other grounds* 88 NY2d 172; *People v Bailey,* 200 AD2d 677). Bracken, J. P., Friedmann, Florio and McGinity, JJ., concur.