■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH SMITH, Appellant. [673 NYS2d 716] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Appelman, J.), rendered April 3, 1996, convicting him of criminal possession of a controlled substance in the third degree, resisting arrest, and unlawful possession of marihuana, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

After the third round of jury selection, the prosecutor raised a *Batson* claim (*see, Batson v Kentucky,* 476 US 79), objecting that the defense had used 13 of its 14 challenges to exclude white jurors. The court asked the defense counsel to supply reasons for his last two challenges to white jurors. With respect to the juror at issue here, the defense counsel merely offered that he "didn't have a specific feeling for this person whether or not he could or couldn't be fair". The court rejected this explanation as "not acceptable", and seated that juror over the defense counsel's objections.

On appeal, the defendant does not contend that the prosecutor failed to establish a prima facie case of purposeful discrimination needed to trigger a reverse-*Batson* inquiry. Rather, the defendant argues only that the trial court erred in finding that he had failed to provide the court with a sufficient race-neutral explanation for peremptorily challenging the juror at issue. Although the explanation proffered by one exercising a peremptory challenge need not be "persuasive or even plausible" (*People v Allen,* 86 NY2d 101, 109-110), "the party exercising the peremptory challenge must, at minimum, state *some reason*" (*People v Stewart,* 238 AD2d 361). Here, the defense counsel's purported explanation amounted, essentially, to "no reason at all" (*People v Stewart, supra,* at 361). Accordingly, there was no error in seating the juror over counsel's objection.

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80). O'Brien, J. P., Pizzuto, Joy and Florio, JJ., concur.