■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK PADGETT, Appellant. [756 NYS2d 620] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosengarten, J.), rendered May 23, 2001, convicting him of criminal possession of stolen property in the third degree and violating Vehicle and Traffic Law § 1110, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant claims that the Supreme Court erred in disallowing his peremptory challenge to a prospective juror since the People did not establish a prima facie case of racial discrimination. The defendant's claim is academic. When, as here, a defendant gives race-neutral reasons for his peremptory challenges, and a court rules on the ultimate issue of intentional discrimination, the issue of whether a prima facie case has been established is academic (*see People v Payne,* 88 NY2d 172 [1996]). Here, defense counsel stated that his reason for moving to strike the prospective juror was that "there was just a feeling that we didn't get enough information on him to make a considered judgment." This explanation amounted, essentially, to no reason at all (*see People v Stewart,* 238 AD2d 361 [1997]). Although the Supreme Court did not use the word "pretext," based upon the court's language that "there can be no non-gender or race-related reason for challenging [the prospective juror]," the finding of pretext is reasonably inferred (*see People v Stewart, supra*). Furthermore, the issue is unpreserved for appellate review since the defendant's general objection did not adequately preserve it (*see People v Payne, supra*).

The defendant's remaining contentions are unpreserved for

appellate review or without merit. Santucci, J.P., Friedmann, Luciano and Rivera, JJ., concur.