■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
JOSE CARILLO, Appellant. [780 NYS2d 143]—

Judgment, Supreme Court, Bronx County (Dominic Massaro,
J.), rendered April 9, 2002, convicting defendant, after a jury
trial, of criminal sale of a controlled substance in or near school
grounds and criminal sale of a controlled substance in the third
degree, and sentencing him, as a second felony offender, to
concurrent terms of 6 to 12 years, unanimously reversed, on the
law, and the matter remanded for a new trial.

Defendant was convicted of selling one bag of cocaine to an
undercover officer. On appeal, he argues that the trial court er-
roneously denied his *Batson* challenge with respect to the
prosecution's exercise of peremptory challenges to exclude two
Hispanic prospective jurors. We find that defendant has demon-
strated that the prosecutor's peremptory challenge as to one of
the two Hispanic jurors was based on an impermissible
discriminatory motive, and therefore, we reverse and remand
for a new trial.

During the first two rounds of jury selection involving 16
venirepersons each, the prosecutor exercised peremptory chal-
lenges against one of the four Hispanics on the first panel and
five of the eight Hispanics on the second panel. Defendant is a
male Hispanic. Noting that six out of eight of the prosecutor's
peremptory challenges were exercised against Hispanics, defense
counsel raised a *Batson* challenge. The court directed the
prosecutor to provide race-neutral reasons for his peremptory
challenges of each Hispanic prospective juror.

Insofar as relevant to this appeal, the prosecutor stated that
he challenged a male Hispanic juror because he responded to a
question regarding the presumption of innocence "in a very
positive way." Regarding a challenged female Hispanic juror,
the prosecutor stated that he challenged her because he "just
did not get a good feel from her . . . it was nothing in particu-
lar." The court ruled that the reasons advanced by the prosecu-
tor were "race neutral," after which both sides made further
argument on the issue of pretext. The court denied the *Batson*
challenge. We reverse.

New York courts apply the three-step test of *Batson v Ken-
tucky* (476 US 79 [1986]) in determining whether a party has
used peremptory challenges to exclude potential jurors for an
impermissible discriminatory reason (*People v Smocum*, 99

NY2d 418, 419-420 [2003]). The first step requires that the moving party make a prima facie showing of discrimination in the exercise of peremptory challenges; the second step shifts the burden to the nonmoving party to provide race-neutral reasons for each juror being challenged; and the third step requires the court to make a factual determination as to whether the race-neutral reasons are merely a pretext for discrimination (*id.* at 421-422).

In this case, the trial court erred in skipping the first step of the *Batson* inquiry by failing to require defense counsel to demonstrate a prima facie showing of discrimination (*id.* at 422-423). However, the issue became moot once the People were required to state their reasons for the challenges and the court ruled on the ultimate issue of discrimination (*id.* at 423).

Nevertheless, although a trial court's rulings on the issue of pretext are entitled to great deference because of its unique position to assess the credibility of the juror's responses and the attorney's explanations (*see People v Hernandez*, 75 NY2d 350, 356 [1990], *affd* 500 US 352 [1991]; *People v Ware*, 303 AD2d 173, 174 [2003], *lv denied* 100 NY2d 543 [2003]), the court's ruling that the prosecutor's reason for challenging the female Hispanic juror was not pretextual cannot be sustained.

The prosecutor's explanation that he challenged this juror because he "just did not get a good feel from her . . . it was nothing in particular" is the type of vague, nonspecific and, thus, highly suspicious reason that we have previously held leads to an inescapable inference of discriminatory motive (*see People v Jackson*, 213 AD2d 335, 336 [1995], *appeal dismissed* 86 NY2d 860 [1995]; *see also United States v Horsley*, 864 F2d 1543, 1546 [1989]). Since the prosecutor's explanation amounted to, in essence, no explanation at all, defendant has succeeded in establishing an equal protection violation (*see People v Allen*, 86 NY2d 101, 109 [1995]; *People v Davis*, 253 AD2d 634, 636 [1998]).

In light of our holding, it is unnecessary to review defendant's arguments with respect to the male Hispanic juror. "Because the exclusion of even a single juror on racial grounds is constitutionally forbidden (*see, People v Bolling*, 79 NY2d 317, 321), defendant has sustained his *Batson* claim and a new trial [must be] ordered" (*People v Chambers*, 80 NY2d 519, 530 [1992]). Concur—Tom, J.P., Andrias, Ellerin and Gonzalez, JJ.