■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE THOMPSON, Appellant. [933 NYS2d 613]—

Contrary to his contention on appeal, the defendant was not deprived of the effective assistance of counsel due to an alleged conflict of interest. "A defendant alleging ineffective assistance of counsel based on a conflict of interest must do more than show that defense counsel had a potential conflict of interest[, and in order t]o prevail, the defendant must establish that the conflict of interest affected the conduct of his or her defense" (*People v Guadmuz*, 63 AD3d 1178 [2009]; *see People v Abar*, 99 NY2d 406 [2003]; *People v Longtin*, 92 NY2d 640 [1998], *cert denied* 526 US 1114 [1999]). Here, the defendant failed to make such a showing (*see People v Jordan*, 83 NY2d 785 [1994]). Nor was the defendant otherwise deprived of the effective assistance of counsel (*see Strickland v Washington*, 466 US 668 [1984]; *People v Stultz*, 2 NY3d 277 [2004]).

The defendant further contends that, at the hearing to determine his status as a persistent felony offender (*see* CPL 400.20), the court improperly admitted the testimony of a probation officer to whom he made admissions about a 1973 robbery conviction during a presentence interview. We conclude that the defendant was not prejudiced by the admission of this testimony since there was ample independent evidence to establish his conviction of the subject felony. Accordingly, the defendant was properly adjudicated a persistent felony offender (*see* CPL 400.20; Penal Law § 70.10 [1] [a]).

The defendant's remaining contentions are without merit. Prudenti, P.J., Skelos, Balkin and Sgroi, JJ., concur.