■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE ERSKINE, Appellant. [933 NYS2d 740]—

The defendant contends that the Supreme Court erred in disallowing his peremptory challenges to two prospective white jurors because he provided sufficient race-neutral explanations for challenging them (*see Batson v Kentucky*, 476 US 79 [1986]; *People v Kern*, 75 NY2d 638 [1990], *cert denied* 498 US 824 [1990]). Defense counsel's proffered explanation for challenging one of the two jurors was that she "simply didn't like [him]," had not "ask[ed him] anything, didn't get a feel for him, and [had] confirmed with [her] client and he also did not like [him]." This explanation amounted, essentially, to no reason at all (*see People v Carillo*, 9 AD3d 333 [2004]; *People v Padgett*, 303 AD2d 524 [2003]; *People v Smith*, 251 AD2d 355 [1998]; *People v Stewart*, 238 AD2d 361 [1997]). Defense counsel's challenge to the second juror was based on counsel's purportedly mistaken belief that he was a retired police officer. That juror, however, clearly stated during voir dire that he was a retired sanitation worker, and the Supreme Court properly determined that defense counsel's proffered explanation was not genuine (*see Miller-El v Cockrell*, 537 US 322, 338-339 [2003]; *see also Miller-El v Dretke*, 545 US 231, 244 [2005]; *People v McIndoe*, 277 AD2d 252 [2000]; *cf. People v Lebron*, 293 AD2d 689 [2002]). Although the Supreme Court did not use the word "pretext," the finding of pretext can be reasonably inferred from the Supreme Court's language in disallowing the defendant's challenges to the two prospective jurors (*see People v Payne*, 88 NY2d 172, 185 [1996];

*People v Padgett*, 303 AD2d 524 [2003]; *People v Stewart*, 238 AD2d 361 [1997]). Thus, the Supreme Court properly disallowed the defendant's peremptory challenges.

The defendant's contentions that he was deprived of due process and a fair trial by the elicitation of certain testimony from the victims' mothers and by certain remarks made by the prosecutor during summation are unpreserved for appellate review. The defendant failed to object to the introduction of the challenged evidence (*see* CPL 470.05 [2]; *People v Laigo*, 70 AD3d 970 [2010]; *People v Miller*, 59 AD3d 463 [2009]), or to the challenged remarks (*see* CPL 470.05 [2]; *People v Lopez*, 69 AD3d 958 [2010]; *People v Friel*, 53 AD3d 667 [2008]; *People v Carrieri*, 49 AD3d 660 [2008]). In any event, the challenged remarks constituted fair comment on the evidence (*see People v Halm*, 81 NY2d 819 [1993]; *People v Ashwal*, 39 NY2d 105 [1976]), and, to the extent that some of the testimony may have been improper, the error in admitting such evidence was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that it contributed to his conviction (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Miller*, 59 AD3d 463 [2009]).

The defendant's contention that trial counsel's failure to preserve certain claims for appellate review constituted ineffective assistance of counsel is without merit (*see People v Greenlee*, 70 AD3d 966 [2010]; *People v Taberas*, 60 AD3d 791, 793 [2009]; *People v Acevedo*, 44 AD3d 168 [2007]; *see also People v Friel*, 53 AD3d 667 [2008]; *People v Rose*, 47 AD3d 848 [2008]). Skelos, J.P., Hall, Lott and Cohen, JJ., concur.