Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Peck, J.), rendered October 3, 2011, convicting him of criminal possession of a weapon in the third degree, reckless endangerment in the second degree, and aggravated unlicensed operation of a motor vehicle in the third degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant’s contention that the Supreme Court improvidently exercised its discretion in denying his request for substitution of assigned counsel is without merit. A defendant who claims a conflict of interest based on assigned counsel’s relationship with a former client must show that his or her defense was “affected by the alleged conflict” (People v Walker, 285 AD2d 521, 522 [2001]; see People v Longtin, 92 NY2d 640, 644 [1998]; People v Ortiz, 76 NY2d 652, 656-657 [1990]; People v Thompson, 89 AD3d 1117, 1117 [2011]). The defendant failed to make such showing. Moreover, the defendant did not demonstrate that there had been a complete breakdown of communication in his relationship with counsel (see People v Winter, 88 AD3d 824, 824 [2011]).
The defendant further contends that the Supreme Court committed reversible error when, in response to a note from the jury, it failed to charge the jury with the defense of justification regarding the weapon possession and reckless endangerment charges. However, this contention is also unpreserved for appellate review to the extent that the defendant argues that the court’s failure to charge the defense violated his constitutional right to due process (see People v Grant, 7 NY3d 421, 424 [2006]; People v Thomas, 65 AD3d 1170, 1172 [2009]; People v Diaz, 50 AD3d 919 [2008]). In any event, the justification defense did not apply to the criminal possession of a weapon in the third degree charge (see People v Pons, 68 NY2d 264, 266 [1986]; People v Almodovar, 62 NY2d 126 [1984]; People v Rodriguez, 77 AD3d 975, 976 [2010]). Moreover, there was no reasonable view of the evidence under which the defendant’s alleged conduct was justified with respect to the reckless endangerment in the second degree charge.
Contrary to the People’s contention, the defendant preserved for appellate review his contention that the Supreme Court erred in admitting into evidence a recording of a 911 emergency *914 call from an anonymous caller who claimed to have witnessed the shooting (cf. People v Reynolds, 83 AD3d 1098, 1098 [2011]). However, such admission was not error. The recording satisfied the excited utterance exception to the hearsay rule, since it evidenced that the caller was under the influence of the excitement of the incident and lacked the reflective capacity essential for fabrication (see People v Dominick, 53 AD3d 505, 505-506 [2008]). Contrary to the defendant’s contention, the recording was also properly admissible as a present sense impression, since the caller’s statements were sufficiently contemporaneous (see People v York, 304 AD2d 681, 681 [2003]) and were corroborated by the evidence adduced at trial (cf. People v Vasquez, 88 NY2d 561, 576 [1996]). Additionally, the admission of the recording did not violate the defendant’s right to confrontation. The call was nontestimonial in nature, since its primary purpose was to obtain an emergency response to the shooting (see People v Clay, 88 AD3d 14, 17 [2011]; People v Legere, 81 AD3d 746, 750 [2011]; see also Davis v Washington, 547 US 813 [2006]).
The defendant’s contention that the Supreme Court should have given an adverse inference charge or otherwise sanctioned the People based on the alleged failure of the police to recover a store surveillance videotape without merit. “The People are subject to sanctions for failing to preserve discoverable evidence only if the evidence is lost or destroyed while in their possession” (People v Dei, 2 AD3d 1459, 1461 [2003]; see People v O’Brien, 270 AD2d 433, 434 [2000]; People v Tutt, 305 AD2d 987, 987 [2003]). Here, the record does not establish that the videotape was ever in the possession of the police.
There is no merit to the contention raised by the defendant in his pro se supplemental brief that his trial counsel was ineffective because he only made a general motion for a trial order of dismissal based upon the People’s alleged failure to make out a prima facie case, and did not raise the specific grounds which the defendant now raises. “A defendant is not denied effective assistance of trial counsel merely because counsel does not make a motion or argument that has little or no chance of success” (People v Stultz, 2 NY3d 277, 287 [2004]).
The defendant’s remaining contentions, including the additional arguments raised in his pro se supplemental brief, are unpreserved for appellate review. Balkin, J.P., Leventhal, Lott and Sgroi, JJ., concur.