■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EVERETT B. McMILLAN, Appellant. [12 NYS3d 301]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hollie, J.), rendered December 16, 2010, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and unlawful possession of marijuana, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Aloise, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant was arrested in July 2009, pursuant to a parole warrant, by a New York City Police Department detective who was assigned to the Joint Apprehension Warrant Squad of the Queens Warrant Squad. At a suppression hearing, the detective testified that, as a member of the Queens Warrant Squad, his job is to investigate and apprehend parole absconders. He testified that, once a parole warrant is issued, he teams up with the parole officer in charge of such warrant cases to apprehend the parole violator.

The detective testified that he had been searching for the defendant, for whom a parole warrant had been issued based upon approximately 14 different parole violations. To that end, the detective went to an address in Queens, spoke with a girlfriend or ex-girlfriend of the defendant, and gave her his phone number. The detective further testified that, on the day of the arrest, he was working as a warrant officer and that he had the parole warrant for the defendant and a "certificate of release to parole supervision" which had been signed by the defendant. The certificate of release to parole supervision set forth the conditions of the defendant's parole, which included the defendant's consent to the search and inspection of his person, residence, and property.

On the day of the arrest, the detective received a phone call from the defendant's girlfriend or ex-girlfriend, and he and his partner went to her address in Queens, where they believed they would find the defendant in his car. They had confirmed that a car, a 1995 Park Avenue, was registered to the defendant. When they arrived, they were unable to locate the defendant. Thereafter, as they were traveling to another location, the detective's partner received another phone call from the same caller, informing them that the defendant had returned to the address in Queens. According to the detective, who overheard the phone call, the caller, in a frantic tone, reported that the defendant was in the car with her son, and that her son had informed her by text message that there was a gun in the car.

The detectives returned to the address and saw the 1995 Park Avenue registered to the defendant. Although the car was unoccupied, its hood was warm to the touch. The detectives then entered an apartment at that address and arrested the defendant. According to the detective, thereafter, at the behest of the landlord of the premises, he moved the defendant's car, which was blocking the driveway. For safety reasons, the detective looked in the back seat area of the car before he began to move it. He saw an open backpack with the butt of a gun sticking out of a plastic bag. The detective removed the gun, which was with a box of ammunition, from the backpack.

Later, at a police precinct station house, the detective searched the defendant and, in the defendant's hair, found two plastic bags containing marijuana.

The defendant was indicted on one count of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), one count of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]), and one count of unlawful possession of marijuana (Penal Law § 221.05). The hearing court denied that branch of the defendant's omnibus motion which was to suppress physical evidence. Following a trial, the jury found the defendant guilty of all three charges. The defendant appeals from the judgment of conviction.

While a person on parole is not denied the Fourth Amendment right to be free from unreasonable searches and seizures, the status of a parolee is always relevant and may be critical in evaluating the reasonableness of a particular search or seizure. A search which would be unlawful if directed against an ordinary citizen may be proper if conducted against a parolee (*see People v Huntley*, 43 NY2d 175 [1977]). The special circumstances and close supervision that come with being a parolee must be considered when determining if a search is reasonable (*see People v Fridell*, 81 AD2d 869 [1981]).

Under the circumstances of this case, the detective's search of the car was "rationally and reasonably related to the performance of the parole officer's duty" by dint of the detective's parole responsibilities as a member of the Joint Apprehension Warrant Squad (*People v Huntley*, 43 NY2d at 181; *see People v Van Buren*, 198 AD2d 533, 534 [1993]). Here, no relevant distinction exists between the detective and the defendant's parole officer (*see People v Van Buren*, 198 AD2d at 534). At the time of the search, the detective was aware that the defendant had violated the terms of his parole, that as a result a warrant had been issued for the defendant's arrest (*see People v Huntley*, 43 NY2d at 182), and that the defendant had consented in writing to a search of his person and property. Additionally, the detective was aware that the car was registered to the defendant, the defendant had acknowledged that the car was his, and a known source had said that she had been told that the defendant had just been in the car with a gun (*see People v Hale*, 93 NY2d 454, 459-462 [1999]; *People v Johnson*, 94 AD3d 1529, 1531-1532 [2012]). Under these circumstances, the detective's search was justified (*see People v Huntley*, 43 NY2d 175 [1977]; *People v Johnson*, 94 AD3d at 1531-1532; *People v Van Buren*, 198 AD2d at 534). Accordingly, the Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence.

The trial court properly granted the prosecution's reverse-*Batson* challenge to juror number four (*see Batson v Kentucky*, 476 US 79 [1986]; *People v Kern*, 75 NY2d 638 [1990]). The record supports the court's express and implied findings (*see People v Payne*, 88 NY2d 172 [1996]) that the race-neutral reason provided by the defendant for the peremptory challenge at issue was pretextual. When asked by the court whether he had a race-neutral reason, defense counsel explained that "there was no information that was brought out about [the juror] other than the fact she has a police officer that's a cousin," and "[t]here is nothing specific"; he reiterated that "[t]here is nothing specific. I don't know anything about her." This explanation essentially amounted to no reason at all (*see People v Erskine*, 90 AD3d 674, 675 [2011]).

In any event, even if this Court were to find that the defendant's statement that he did not have enough information about juror number four was a facially race-neutral explanation (*see People v Payne*, 88 NY2d at 183-184), the record developed in the trial court provided a sufficient basis to conclude that this explanation was pretextual (*see People v Erskine*, 90 AD3d at 675; *People v Stewart*, 238 AD2d 361, 362 [1997]).

The defendant's contention that he was deprived of his right to confront a witness by the elicitation of certain testimony from a certain detective is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Mohabir*, 111 AD3d 851 [2013]) and, in any event, without merit. The challenged testimony concerned the telephone call the detective received from the female caller on the date of the defendant's arrest, directing the detective and his partner to return to the Queens address because the defendant was at that location with a gun. The female caller's statements to the detective were nontestimonial, since their primary purpose was to obtain an emergency response (*see People v Dockery*, 107 AD3d 913, 914 [2013]; *People v Legere*, 81 AD3d 746, 750 [2011]). Accordingly, the admission of the detective's testimony describing those statements did not violate the defendant's right to confront a witness (*see People v Dockery*, 107 AD3d at 914; *People v Legere*, 81 AD3d at 750).

The defendant also contends that certain allegedly improper comments made by the prosecutor during summation deprived him of a fair trial. The defendant's contentions are unpreserved for appellate review (*see* CPL 470.05 [2]) because he failed to object to the comments he now challenges (*see People v Romero*, 7 NY3d 911, 912 [2006]; *People v Damon*, 78 AD3d 860 [2010]), or failed to request additional relief when the trial court

sustained objections or provided curative instructions (*see People v Heide*, 84 NY2d 943, 944 [1994]; *People v Damon*, 78 AD3d at 860; *People v Hollenquest*, 48 AD3d 592, 593 [2008]). In any event, reversal is not warranted since the prosecutor's remarks did not, singly or in combination, deprive the defendant of a fair trial (*see People v Garcia-Villegas*, 78 AD3d 727, 728 [2010]; *People v Dunbar*, 74 AD3d 1227, 1229 [2010]; *People v Hendrix*, 60 AD3d 1081, 1082-1083 [2009]; *People v Almonte*, 23 AD3d 392, 394 [2005]). To the extent that defense counsel did not object to comments made by the prosecutor on summation or to curative instructions issued by the court as to certain other comments, such inaction did not deprive the defendant of the effective assistance of counsel (*see People v Taylor*, 1 NY3d 174 [2003]; *People v Cass*, 79 AD3d 768 [2010]; *People v Lopez*, 69 AD3d 958 [2010]). Moreover, the record reveals that defense counsel otherwise provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

The defendant's challenge to the legal sufficiency of the evidence supporting his conviction of unlawful possession of marijuana is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of all counts beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt of all counts was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's remaining contentions are without merit. Rivera, J.P., Miller, Maltese and Duffy, JJ., concur.