THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLIN JONES, Appellant. [31 NYS3d 191]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Balter, J.), rendered March 13, 2012, convicting him of assault in the second degree and menacing in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and the facts, count four of the indictment charging menacing in the third degree is dismissed, and the matter is remitted to the Supreme Court, Kings County, for a new trial on count one of the indictment charging assault in the second degree.

The defendant was convicted of assault in the second degree and menacing in the third degree. On appeal, the defendant contends, among other things, that his conviction of menacing in the third degree was against the weight of the evidence.

"Upon [a] defendant's request, the Appellate Division must conduct a weight of the evidence review" and, thus, "a defendant will be given one appellate review of adverse factual findings" (*People v Danielson*, 9 NY3d 342, 348 [2007]). "If a finding in favor of the defendant would not have been unreasonable, then this Court 'must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions' " (*People v Curry*, 112 AD3d 843, 844 [2013], quoting *People v Danielson*, 9 NY3d at 348). "Once this Court conducts such an analysis, it must then decide whether the verdict finding the defendant guilty beyond a reasonable doubt was warranted" (*People v Curry*, 112 AD3d at 844). This Court essentially "sits as a thirteenth juror and decides which facts were proven at trial" (*People v Danielson*, 9 NY3d at 348). If the factfinder failed to give the evidence the weight it should be accorded, then this Court will set aside the verdict and dismiss the accusatory instrument or any reversed count (*see* CPL 470.20 [5]; *People v Romero*, 7 NY3d 633, 643-644 [2006]; *People v Mateo*, 2 NY3d 383, 410 [2004]).

Here, upon the exercise of our factual review power (*see* CPL 470.15), we determine that an acquittal of the charge of menacing in the third degree would not have been unreasonable based upon the evidence presented. Furthermore, we determine

that the evidence presented at trial did not establish, beyond a reasonable doubt, that the defendant "intentionally place[d] or attempt[ed] to place [the complaining witness] in fear of death, imminent serious physical injury or physical injury" (Penal Law § 120.15; *see Matter of Ashley C.*, 59 AD3d 715, 715-716 [2009]; *Matter of Davonte B.*, 44 AD3d 763, 764 [2007]). Since the verdict with respect to that count was against the weight of the evidence, we vacate the conviction of menacing in the third degree and the sentence imposed thereon, and dismiss that count of the indictment.

The defendant also contends, and the People concede, that the Supreme Court erred in granting the prosecution's peremptory challenges to two prospective black jurors because the prosecution failed to provide sufficient race-neutral explanations for challenging those potential jurors (*see Batson v Kentucky*, 476 US 79 [1986]; *People v Kern*, 75 NY2d 638 [1990]). New York courts apply the three-step test of *Batson v Kentucky* (476 US 79 [1986]) to determine whether a party has used peremptory challenges to exclude potential jurors for an impermissible discriminatory reason (*see People v Smocum*, 99 NY2d 418, 421-422 [2003]; *People v Carillo*, 9 AD3d 333, 334 [2004]). "The first step requires that the moving party make a prima facie showing of discrimination in the exercise of peremptory challenges; the second step shifts the burden to the nonmoving party to provide race-neutral reasons for each juror being challenged; and the third step requires the court to make a factual determination as to whether the race-neutral reasons are merely a pretext for discrimination" (*People v Carillo*, 9 AD3d at 334; *see People v Smocum*, 99 NY2d at 421-422).

Here, during jury selection, the defendant made an application before the trial court pursuant to *Batson*, arguing that the prosecution was exercising its peremptory challenges in a discriminatory manner against prospective black jurors. The prosecutor proffered an explanation for challenging one of the two jurors at issue, stating that it was "just our instincts that we don't feel [prospective juror] number 4 would be a suitable juror for this particular trial." This explanation was inadequate (*see People v Erskine*, 90 AD3d 674 [2011]; *People v Carillo*, 9 AD3d at 334; *People v Padgett*, 303 AD2d 524 [2003]). Under the circumstances, the fact that the prosecution, essentially, "offered no reason at all with respect to [its] challenge of the juror is dispositive of the *Batson* issue" (*People v Stewart*, 238 AD2d 361, 361 [1997]; *see People v Allen*, 86 NY2d 101, 109-110 [1995]; *People v Smith*, 251 AD2d 355, 355 [1998]; *see also People v Hecker*, 15 NY3d 625, 652 [2010]; *People v Jenkins*, 75

NY2d 550, 560 [1990]). In light of this determination, it is unnecessary to review the defendant's arguments with respect to the other potential juror (*see People v Carillo*, 9 AD3d at 334).

The defendant's contention that certain remarks made by the prosecutor during summation deprived him of a fair trial is unpreserved for appellate review (*see* CPL 470.05), and we decline to review it in the exercise of our interest of justice jurisdiction.

In light of our determination, we need not address the defendant's remaining contention. Hall, J.P., Cohen, Miller and Barros, JJ., concur.