Atlantic Radiology Imaging, P.C., as Assignee of Mohammad Feroz, Respondent,
against
Interboro Mutual Ins. Co., Appellant.



Appeal from an order of the Civil Court of the City of New York, Kings County (Devin P. Cohen, J.), entered August 19, 2014. The order denied defendant's motion to vacate a prior order of the same court entered December 18, 2013 granting, on default, plaintiff's motion for summary judgment and, upon vacatur, to deny plaintiff's motion.




ORDERED that the order entered August 19, 2014 is reversed, with $30 costs, defendant's motion to vacate the order entered December 18, 2013 is granted and, upon vacatur, plaintiff's motion for summary judgment is denied.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint or, in the alternative, to compel plaintiff's treating physician to appear for an examination before trial (EBT), and plaintiff opposed the motion. Approximately four months later, but before the Civil Court had ruled on defendant's motion, plaintiff moved for summary judgment. Defendant failed to submit opposition papers thereto. By order entered September 13, 2013, the Civil Court (Ingrid Joseph, J.) determined that defendant had established that it had timely denied plaintiff's claims, but denied defendant's motion. By order entered December 18, 2013, the Civil Court (Carol Ruth Feinman, J.) granted plaintiff's motion for summary judgment without opposition. Immediately thereafter, defendant moved, pursuant to CPLR 5015, to vacate the December 18, 2013 order. Defendant appeals from an order of the Civil Court (Devin P. Cohen, J.) entered August 19, 2014 which denied defendant's motion to vacate the December 18, 2013 order. 
To vacate the order made upon defendant's failure to oppose the motion, defendant was required to demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion (see CPLR 5015 [a] [1]; Estrada v Selman, 130 AD3d 652 [2015]; Hogan v Schwartz, 119 AD3d 650, 651 [2014]). Here, defendant's counsel and a paralegal from counsel's office offered a detailed and credible excuse of law office failure which, under the circumstances, was sufficient to excuse plaintiff's default (see CPLR 2005; Estrada, 130 AD3d 652; Lyubomirsky v Lubov Arulin, PLLC, 125 AD3d 614 [2015]). Furthermore, as defendant submitted a copy of the motion papers that it had submitted in support of its separate motion for summary judgment, along with a copy of the order determining defendant's motion for summary judgment (see Atlantic Radiology Imaging, P.C., as Assignee of Mohammad Feroz v Interboro [*2]Mut. Ins. Co., ___ Misc 3d ___, 2016 NY Slip Op ______ [appeal No. 2013-2390 K C], decided herewith), defendant demonstrated a meritorious defense.
Accordingly the order entered August 19, 2014 is reversed, defendant's motion to vacate the order entered December 18, 2013 is granted and, upon vacatur, plaintiff's motion for summary judgment is denied.
Pesce, P.J., Aliotta and Solomon, JJ., concur.
Decision Date: June 23, 2016