Appeal by the defendant from a judgment of the Supreme Court, Kings County (Cyrulnik, J.), rendered December 3, 2014, convicting him of sexual abuse in the first degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
 

 Ordered that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for a new trial.
 

 The defendant contends that the Supreme Court erred in disallowing his peremptory challenges to two prospective white jurors. During the first round of jury selection, the prosecutor raised reverse-Batson challenges (see Batson v Kentucky, 476 US 79 [1986]; People v Kern, 75 NY2d 638 [1990]) to the defendant’s peremptory challenges to certain prospective jurors. With respect to the subject prospective jurors, defense counsel proffered an explanation for challenging them, stating, among other things, that it was his practice to exercise peremptory challenges against prospective jurors who had previously served on a criminal jury that reached a verdict, as these prospective jurors had done. Defense counsel also stated that one of those two prospective jurors had the demeanor of a leader whom others would follow. When the court offered the prosecutor an opportunity to argue, he responded, “I don’t think anything I have to say would be anything other than belaboring the obvious.” In disallowing the peremptory challenges, the court determined that there was “nothing in any of [the prospective jurors’] responses that suggested that they would be influenced improperly by their prior jury service.” In addition, the court stated that “the fact that an individual may be more forthcoming in their comments, etcetera . . . does not necessarily exclude them from jury service.”
 

 New York courts apply the three-step test of Batson v Kentucky (see Batson v Kentucky, 476 US at 79; People v Kern, 75 NY2d 638 [1990]) to determine whether a party has used peremptory challenges to exclude potential jurors for an impermissible discriminatory reason (see People v Smocum, 99 NY2d 418, 421-422 [2003]; People v Jones, 139 AD3d 878, 879 [2016]). “At step one, the movant must make a prima facie showing that the peremptory strike was used to discriminate; at step two, if that showing is made, the burden shifts to the opposing party to articulate a non-discriminatory reason for striking the juror; and finally, at step three, the trial court must determine, based on the arguments presented by the parties, whether the proffered reason for the peremptory strike was pretextual and whether the movant has shown purposeful discrimination” (People v Bridgeforth, 28 NY3d 567, 571 [2016]; see People v Jones, 139 AD3d at 879; People v Carillo, 9 AD3d 333, 334 [2004]).
 

 Here, the Supreme Court erred in disallowing the defendant’s peremptory challenges to both of the subject prospective jurors. The defendant satisfied his burden of “articulating] a non-discriminatory reason for striking the [prospective] juror[s]” (People v Bridgeforth, 28 NY3d at 571), namely, that they had previously served on a criminal jury that reached a verdict (see People v Powell, 92 AD3d 610, 611 [2012]; People v Richie, 217 AD2d 84, 89 [1995]; see also People v Morgan, 75 AD3d 1050, 1051-1052 [2010]). The People failed to satisfy their burden of demonstrating that the defendant’s facially race-neutral explanation was a pretext for racial discrimination. Inasmuch as “the unjustified denial of a peremptory challenge violates CPL 270.25 (2) and requires reversal without regard to harmless error” (People v Hecker, 15 NY3d 625, 662 [2010]; see People v Marshall, 131 AD3d 1074, 1075 [2015]; People v Parrales, 105 AD3d 871, 872 [2013]), the judgment must be reversed and the matter remitted to the Supreme Court, Kings County, for a new trial.
 

 In light of our determination, we need not reach the defendant’s remaining contention.
 

 Rivera, J.P., Hall, Roman and Christopher, JJ., concur.