People v Alexander (2019 NY Slip Op 00135)





People v Alexander


2019 NY Slip Op 00135


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
ROBERT J. MILLER, JJ.


2016-12332
 (Ind. No. 99/14)

[*1]The People of the State of New York, respondent,
v
Diamonte Alexander, appellant.


Paul Skip Laisure, New York, NY (Sean H. Murray of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Roni C. Piplani, and Jimei L. Hon of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gregory Lasak, J.), rendered October 24, 2016, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Queens County, for a new trial.
The Supreme Court should not have granted the prosecutor's peremptory challenge to a prospective black juror because the court failed to determine whether the prosecutor provided sufficient race-neutral explanations for challenging the potential juror (see Batson v Kentucky, 476 US 79; People v Kern, 75 NY2d 638). New York courts apply the three-step test of Batson v Kentucky (476 US 79) to determine whether a party has used peremptory challenges to exclude potential jurors for an impermissible discriminatory reason (see People v Smocum, 99 NY2d 418, 421-422; People v Carillo, 9 AD3d 333, 334). "The first step requires that the moving party make a prima facie showing of discrimination in the exercise of peremptory challenges; the second step shifts the burden to the nonmoving party to provide race-neutral reasons for each juror being challenged; and the third step requires the court to make a factual determination as to whether the race-neutral reasons are merely a pretext for discrimination" (People v Carillo, 9 AD3d at 334; see People v Smocum, 99 NY2d at 421-422).
Here, during jury selection, the defendant alleged that the prosecutor was exercising a peremptory challenge to a potential juror based solely on the potential juror's race. After the Supreme Court found that the defendant made a prima facie showing that the prosecutor was exercising her peremptory challenges in a discriminatory manner, the prosecutor stated that she believed this potential juror to be too young and inexperienced to serve on a murder trial. The court allowed for further questioning of this potential juror and, based on this additional questioning, determined that the potential juror seemed to have difficulty understanding the questions posed to him, that he appeared to have "a glazed-eye look," and that his "ability to communicate is somewhat impaired." The court then allowed the prosecutor to exercise a peremptory challenge against the potential juror, deeming the peremptory challenge to be not "in any way based on any [*2]discrimination." However, the court never provided a ruling on the defendant's initial Batson challenge, relating to the prosecutor's contention that the juror was too young and inexperienced to serve.
Under these circumstances, the Supreme Court failed in its duty to determine whether the prosecutor's race-neutral explanations were credible (see Miller-El v Cockrell, 537 US 322, 339; see also United States v Taylor, 636 F3d 901, 905 [7th Cir] ["when ruling on a Batson challenge, the trial court should consider only the reasons initially given to support the challenged strike, not additional reasons offered after the fact"]). As the court did not satisfactorily determine whether the prosecutor provided legitimate nonpretextual, race-neutral explanations for the exercise of her peremptory challenges, the judgment of conviction must be vacated and a new trial ordered (see People v Jenkins, 75 NY2d 550, 560; see also People v Hecker, 15 NY3d 625, 652).
In light of our determination, we need not address the defendant's remaining contentions concerning his sentence.
BALKIN, J.P., CHAMBERS, COHEN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court