■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERTO ROSADO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fisher, J.), rendered March 7, 1988, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We disagree with the defendant's contention that he was deprived of a fair trial by the trial court's allowing into evidence dated arrest photographs, and by the prosecutor's comments thereon. During the cross-examination of four of the People's witnesses, including a detective, defense counsel elicited that the detective had conducted a photographic identification with the other three witnesses. Defense counsel sought to imply that the witnesses had chosen the defendant's picture because it showed him wearing a Chicago Bears T-shirt, despite the fact that the name Chicago Bears was obscured. To counter this suggestion of unfairness, the People, during redirect examination of the detective, were allowed to offer into evidence two overexposed arrest photographs of the

defendant received from the police in Chicago, where he had fled after the offense. The prosecutor explained that this procedure was adopted to show the jury that the photograph which appeared in the array was the best of those received from Chicago and to rebut the charge of suggestiveness and unfairness.

The trial court properly ruled the arrest photographs admissible, notwithstanding the possibility of making the jury aware of the defendant's arrest in Chicago on another charge prior to his arrest for the instant offense. By his cross-examination, suggesting that the police had deliberately used an unfair photographic array, the defendant opened the door to such a redirect examination by the People (see, People v Brown, 62 AD2d 715, 723-724, affd 48 NY2d 921).

We have examined the defendant's remaining contentions, including those raised in his supplemental pro se brief, and find them to be without merit. Mangano, P. J., Lawrence, Rosenblatt and Miller, JJ., concur.