■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK RIVERA, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Queens County (Clabby, J.), both rendered April 28, 1990, convicting him of criminal sale of a controlled substance in the second degree under Indictment No. 12259/89 and attempted criminal sale of a controlled substance in the third degree under Indictment No. 13257/89, upon his pleas of guilty, and imposing sentences.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR RIVERA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered March 2, 1988, convicting him of criminal sale of a controlled substance in the third degree and criminal posses-

sion of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On the afternoon of December 28, 1986, an undercover officer, involved in a "buy and bust" operation in Brooklyn, walked up to the defendant and the codefendant Angelo Rivera, both of whom were standing on a street corner. The undercover officer handed a $10 bill of prerecorded money to Angelo Rivera who in turn immediately gave the money to the defendant. In exchange for the money, Angelo Rivera gave the undercover officer a glassine envelope containing heroin. During this transaction the defendant continually looked up and down the street, "scanning" the area. The defendant was arrested immediately after the sale. A search of his person produced a large sum of money, $10 of which was the prerecorded purchase money.

The defendant contends on appeal that the trial court erred in permitting the prosecution to elicit testimony that a large sum of money was found upon him at the time of his arrest. We do not agree. One of the crimes charged, criminal possession of a controlled substance in the third degree, required the People to prove beyond a reasonable doubt that the defendant possessed heroin with the specific intent to sell it (see, Penal Law § 220.16 [1]). Evidence of money found on the defendant's person at the time of his arrest was probative of this intent and therefore this evidence was properly admitted (see, People v Martin, 163 AD2d 491; People v Calada, 154 AD2d 700; People v Wheeler, 140 AD2d 731).

We also disagree with the defendant's contention that the court improperly allowed into evidence the photograph taken of him following his arrest. During his cross-examination of one of the arresting officers, the defense counsel tried to suggest that the officer had confused the defendant with his codefendant Angelo Rivera. The court properly allowed the prosecutor to counter this suggestion on redirect examination by eliciting through identification of the defendant's arrest photograph, that the police officer knew what the defendant looked like at the time of the incident (see, e.g., People v Rosado, 172 AD2d 700).

The sentence imposed was neither harsh nor excessive under the circumstances (see, People v Suitte, 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Kunzeman, J. P., Sullivan, Lawrence and Balletta, JJ., concur.