■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WOODSON, Appellant. [604 NYS2d 187] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Thomas, J.), rendered May 29, 1991, convicting him of criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Chetta, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Within minutes after an undercover detective observed the defendant hand an unapprehended drug purchaser a waxpaper packet in exchange for money, the defendant was arrested and found in possession of six waxpaper packets containing heroin and $246 in currency. The defendant claims that the trial court improperly admitted into evidence the $246 recovered from him. We find the defendant's argument to be meritless. In cases involving possession of illegal drugs with the intent to sell, "[e]vidence of money found on the defendant's person at the time of his arrest [is] probative of [his] intent" and therefore this evidence was properly admitted *(People v Rivera,* 177 AD2d 662, 663; *see also, People v Hernandez,* 71 NY2d 233, 245-247; *People v Martin,* 163 AD2d 491).

The defendant further claims that, in his summation, the prosecutor improperly referred to the defendant as a "candy vendor" in the business of selling drugs. The defendant asserts that this had the effect of suggesting to the jury that the defendant was involved in other uncharged crimes. We disagree. The record indicates that defense counsel did not interpose a timely objection to the prosecutor's remark, and consequently, the alleged error has not been preserved for appellate review (see, CPL 470.05 [2]; People v Young, 123 AD2d 366, 367). In any event, reversal is not warranted since the remark constituted fair comment on the admissible evidence and the prosecutor merely used an analogy to show the relevance of the money found on the defendant at the time of his arrest. The record indicates that the prosecutor referred to a "candy vendor" or "newspaperman vendor" to illustrate that a seller should have cash in his possession after a sale of any item, as would the defendant if he had just sold a packet of heroin.

The sentence imposed was not excessive (see, People v Suitte, 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review (see, CPL 470.05 [2]), or without merit. Bracken, J. P., Miller, Lawrence and Pizzuto, JJ., concur.