■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FERDINAND MORRISON, Appellant. [633 NYS2d 65] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Posner, J.), rendered June 1, 1993, convicting him of

burglary in the second degree, reckless endangerment in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was deprived of his right to a jury of his choosing when the court denied his peremptory challenge and seated a juror who was a crime victim. We disagree.

It is well settled that neither the prosecutor nor the defense attorney may exercise peremptory challenges to exclude a cognizable group (see, Batson v Kentucky, 476 US 79; People v Kern, 75 NY2d 638, cert denied 498 US 824). Once a prima facie case is made that a party has excluded a cognizable group, the party must give nondiscriminatory reasons for the peremptory challenges. The court then must decide whether the reasons are pretextual or legitimate (see, People v Allen, 86 NY2d 101, 109-110; People v Simmons, 79 NY2d 1013). A challenge based on a juror's status as a crime victim is not pretextual on its face absent any evidence that it was applied in a discriminatory manner (see, People v Dixon, 202 AD2d 12, 18). While uneven application of race-neutral factors does not always indicate pretext (see, People v Allen, supra, at 110), the defendant, who is black, challenged a specific white juror because of her status as a crime victim but could not articulate legitimate reasons for failing to challenge black jurors with similar backgrounds as crime victims. Thus, the court properly found his reason for challenging the white juror in question to be pretextual.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Balletta, J. P., Thompson, Ritter and Florio, JJ., concur.

