■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTINE STAUSS, Also Known as CHRISTINE STRAUSS, Appellant. [633 NYS2d 204] —Appeal by the defendant from a judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered June 8, 1994, convicting her of attempted burglary in the second degree, upon her plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant explicitly admitted the amount of the victims' monetary loss. Under these circumstances, there was no need for the court to conduct a hearing with respect to the proper amount of restitution (see, People v Kade, 153 AD2d 907).

The defendant's remaining contentions are either unpreserved for appellate review (see, CPL 470.05 [2]) or without merit. Bracken, J. P., O'Brien, Ritter, Friedmann and Goldstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRACY STRUNKEY, Appellant. [633 NYS2d 353] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mastro, J.), rendered November 29, 1993, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court improperly admitted into evidence $484 recovered from his person by the police at the time he was arrested is unpreserved for appellate review and, in any event, without merit. "In cases involving possession of illegal drugs with the intent to sell, '[e]vidence of money found on the defendant's person at the time of his arrest [is] probative of [his] intent' " and therefore, properly admissible into evidence (People v Woodson, 198 AD2d 535, quoting People v Rivera, 177 AD2d 662, 663).

The defendant's sentence was not excessive (see, People v Suitte, 90 AD2d 80). The defendant's remaining contentions are either unpreserved for appellate review or without merit. Sullivan, J. P., Altman, Hart and Friedmann, JJ., concur.