◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL MOYER, Appellant. [656 NYS2d 993] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him following a jury trial of burglary in the third degree and criminal mischief in the fourth degree, defendant contends that Supreme Court's missing witness charge was inadequate, confusing and misleading. Because defendant did not object to the charge, his contention is unpreserved for our review (see, CPL 470.05 [2]; People v Nelson, 186 AD2d 1068, lv denied 81 NY2d 764), and we decline to exercise our power to reach it as a matter of discretion in the interest of justice (see, CPL 470.15 [6] [a]; People v Robinson, 231 AD2d 927). (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.— Burglary, 3rd Degree.) Present—Pine, J. P., Lawton, Doerr, Balio and Boehm, JJ.

◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK MOSBY, Appellant. [654 NYS2d 926] —Judgment unanimously affirmed. Memorandum: The argument of defendant that County Court erred in admitting evidence that he possessed $1,026 at the time of his arrest is not preserved for our review as a matter of law (see, CPL 470.05 [2]). Were we to review the argument, we would conclude that it is without merit. Because defendant was charged with possession of a controlled substance with intent to sell, evidence of money found on defendant's person at the time of arrest is probative of defendant's intent (see, People v Strunkey, 221 AD2d 387, lv denied 87 NY2d 925; People v Sanchez, 197 AD2d 359, 360, lv denied 82 NY2d 902; People v Gadsden, 192 AD2d 1103, lv denied 82 NY2d 718), and it was permissible for the prosecutor to comment upon the evidence on summation (see, People v Sanchez, supra). (Appeal from Judgment of Monroe County Court, Bristol, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Pine, J. P., Lawton, Doerr, Balio and Boehm, JJ.