■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BYRON McINDOE, Appellant. [715 NYS2d 734] —Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Douglass, J.), rendered August 1, 1996, convicting him of robbery in the first degree (two counts), robbery in the second degree (two counts), grand larceny in the fourth degree (two counts), and petit larceny (two counts), upon a jury verdict, and imposing sentence, and (2) a resentence of the same court imposed September 12, 1996, upon the defendant's convictions of robbery in the second degree.

Ordered that the judgment is reversed, on the law, the resentence is vacated, and a new trial is ordered.

A new trial is necessary because the prosecutor exercised his peremptory challenges in a discriminatory manner (*see, Batson v Kentucky,* 476 US 79). The prosecutor advanced as a reason for his removal of a black potential juror that the juror would not base his decision on the evidence. This assertion was unsupported by the record, which indicated that in response to voir dire questions the juror stated that he would base his verdict on the testimony. We conclude that the nonracial basis advanced by the prosecutor was a pretext (*see, People v Hernandez,* 75 NY2d 350, 355, *affd* 500 US 352).

"For the purposes of equal protection, the constitutional violation is the exclusion of *any* blacks solely because of their race" (*People v Jenkins,* 75 NY2d 550, 559). Accordingly, the race-based challenge to the subject black potential juror requires reversal and a new trial (*see, People v Benson,* 184 AD2d 517). In view of our decision, we need not determine whether the peremptory challenges exercised by the prosecutor with regard to the other black potential jurors were race-based. O'Brien, J. P., Goldstein, Florio and McGinity, JJ., concur.