■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK MCGRAW, Appellant. [849 NYS2d 162]—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Carter, J.), rendered May 16, 2006, convicting him of criminal sale of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California,* 386 US 738 [1967]; *People v Paige,* 54 AD2d 631 [1976]; *cf. People v Gonzalez,* 47 NY2d 606 [1979]). Mastro, J.P., Santucci, Dillon and Angiolillo, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER MCLAURIN, Appellant. [849 NYS2d 162]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered June 30, 2006, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court properly granted the People's reverse-*Batson* application (*see Batson v Kentucky,* 476 US 79 [1986]). The record supports the court's finding of pretext with regard to the prospective juror at issue and that finding is entitled to great deference (*see People v Hernandez,* 75 NY2d 350 [1990]). Although defense counsel provided a race-neutral reason for challenging the juror, the record establishes that defense counsel did not challenge another juror with a similar background (*see People v Quito,* 43 AD3d 411 [2007]). Accordingly, the challenged juror was properly seated.

The defendant's contention that he was denied the effective assistance of counsel is without merit. A review of the circumstances in totality as of the time of the representation reveals that the defendant was afforded meaningful representation (*see People v Henry,* 95 NY2d 563, 565 [2000]; *People v Baldi,* 54 NY2d 137, 147 [1981]). Ritter, J.P., Florio, McCarthy and Dickerson, JJ., concur.