■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL HALL, Appellant. [882 NYS2d 515]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (McGann, J.), rendered March 21, 2005, convicting him of robbery in the first degree and criminal possession of weapon in the fourth degree, upon a jury verdict, and imposing sentence. By decision and order of this Court dated July 8, 2008, the appeal was held in abeyance and the matter was remitted to the Supreme Court, Queens County, to hear and report on the defendant's challenge to the prosecutor's exercise of peremptory challenges against black venirepersons (*see People v Hall,* 53 AD3d 552, 555 [2008]). The Supreme Court has conducted a hearing and filed its report.

Ordered that the judgment is reversed, on the law and the facts, and a new trial is ordered.

A new trial is necessary because the prosecutor exercised her peremptory challenges in a discriminatory manner (*see Batson v Kentucky,* 476 US 79 [1986]). The prosecutor advanced as reasons for her removal of one black potential juror that the juror was in a "helping profession" and seemed of an age similar to that of the defendant's mother, who was an alibi witness for the defense. The prosecutor did not offer any explanation for how the juror's employment related to the factual circumstances of the case or the qualifications of the juror to serve (*see People v Pinto,* 56 AD3d 494 [2008]; *People v Patterson,* 12 AD3d 694 [2004]; *People v Campos,* 290 AD2d 456, 457 [2002]; *People v Smith,* 266 AD2d 570, 571 [1999]; *People v Dalhouse,* 240

AD2d 420, 421 [1997]; *People v Richie,* 217 AD2d 84, 88 [1995]; *People v Bennett,* 206 AD2d 382, 384 [1994]). Moreover, the defendant was able to point to two seated jurors who were also in "helping professions." In addition, the prosecutor failed to exercise peremptory strikes against eight other prospective jurors who were of a similar age as the defendant's mother, but who were not black (*cf. People v Pinto,* 56 AD3d at 494-495; *People v McLaurin,* 47 AD3d 843 [2008]; *People v Sanford,* 297 AD2d 759 [2002]; *People v Russo,* 243 AD2d 658, 659-660 [1997]). We conclude that the nonracial bases advanced by the prosecutor were pretextual (*see Purkett v Elem,* 514 US 765, 768 [1995]; *Hernandez v New York,* 500 US 352, 359 [1991]; *People v Smocum,* 99 NY2d 418, 422 [2003]; *People v Allen,* 86 NY2d 101, 110 [1995]).

"For the purposes of equal protection, the constitutional violation is the exclusion of *any* blacks solely because of their race" (*People v Jenkins,* 75 NY2d 550, 559 [1990]). Accordingly, the race-based challenge to the subject black potential juror requires reversal and a new trial (*see People v McIndoe,* 277 AD2d 252 [2000]). In view of our decision, we need not determine whether the peremptory challenges exercised by the prosecutor with regard to the other black potential jurors were race-based.

In light of our determination, we need not reach the defendant's remaining contentions. Fisher, J.P., Dillon, Miller and Belen, JJ., concur.