■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BELL, Appellant. [5 NYS3d 227]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ingram, J.), rendered November 17, 2010, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

A new trial is necessary because the prosecutor exercised her peremptory challenges in a discriminatory manner (*see Batson v Kentucky*, 476 US 79 [1986]) as to two black prospective jurors. In *Batson,* the United States Supreme Court formulated a three-step test to assess whether peremptory challenges have been used to exclude potential jurors on the basis of race, gender, or other protected categories (*see People v Smocum*, 99 NY2d 418, 421 [2003]). In step one, the moving party must make a prima facie case of purposeful discrimination by "showing that the facts and circumstances of the voir dire raise an inference that the other party excused one or more jurors for

an impermissible reason" (*id.* at 421). If the moving party makes a prima facie showing, the inquiry proceeds to step two, and the burden shifts to the adversary to provide a facially neutral explanation for the challenge. If the nonmoving party "offers facially neutral reasons supporting the challenge, the inference of discrimination is overcome" (*People v Allen*, 86 NY2d 101, 109 [1995]). Once facially neutral reasons are provided, the inquiry proceeds to step three, and the burden shifts back to the moving party to prove purposeful discrimination, and " 'the trial court must determine whether the proffered reasons are pretextual' " (*People v Hecker*, 15 NY3d 625, 634-635 [2010], quoting *People v Allen*, 86 NY2d at 104), including whether the reasons apply to the facts of the case, and whether the reasons were applied to only a particular class of jurors and not to others (*see People v Richie*, 217 AD2d 84, 89 [1995]).

Here, the parties do not dispute that the first and second steps of the *Batson* inquiry were satisfied in connection with the subject prospective jurors. As to the third step, which is disputed by the parties, we agree with the defendant that the facially race-neutral reasons proffered by the prosecutor for the use of peremptory challenges against those two prospective jurors were pretextual.

With respect to the first prospective juror, the prosecutor employed a peremptory challenge to strike him as a juror because of a concern that his position as a church deacon would make it difficult for him to sit in judgment of another individual. Although the prospective juror indicated during voir dire that his position as a church deacon would not affect his decision making, the prosecutor maintained that it was "just [his] feeling that it may be difficult having [someone in] that position to then sit in judgment of someone."

Contrary to the Supreme Court's determination, the facially race-neutral reason advanced by the prosecutor for employing a peremptory challenge was pretextual. The prosecutor did not offer any explanation for how employment as a church deacon related to the factual circumstances of the case or qualifications to serve as a juror (*see People v Hall*, 64 AD3d 665 [2009]; *People v Pinto*, 56 AD3d 494 [2008]; *People v Dalhouse*, 240 AD2d 420, 421 [1997]). Furthermore, the prosecutor's challenge was admittedly based on his "feeling" that a church deacon would have difficulty sitting in judgment of another, and the prosecutor failed to pursue questioning of the prospective juror to ascertain whether this intuitive feeling was founded in fact (*see People v Louis*, 239 AD2d 435 [1997]; *People*

*v Liang Jun Ying*, 236 AD2d 630 [1997]; *People v Richie*, 217 AD2d at 89). When the reason advanced for a peremptory challenge relates to a juror's appearance, deference must be afforded to the trial court's findings with regard to pretext, as the trial court has the distinct advantage of being able to observe the juror (*see People v Richie*, 217 AD2d at 88). However, the same cannot be said when the reason advanced for the challenge is based on the juror's profession or background (*see id.*). Indeed, it would not "be acceptable for this Court to invoke the rule providing for deference to the trial court in matters of credibility in order to rubber stamp every determination relating to the legitimacy of a peremptory challenge" (*id.*).

With respect to the second prospective juror, the prosecutor exercised a peremptory challenge because that prospective juror was "shaking his head in agreement" with a white juror, who was explaining the trouble she would have in reaching a verdict and "deciding the outcome of someone else's life." The second prospective juror, however, indicated that he could convict if the prosecution proved its case beyond a reasonable doubt. The white juror had been challenged by the prosecution for cause, but that challenge was denied, and the prosecution did not use a peremptory challenge to strike her as a juror.

In light of the prosecutor's failure to exercise a peremptory challenge to strike the white juror who actually stated that she would have trouble "deciding the outcome of someone else's life," the prosecutor's reason for challenging the second black prospective juror was pretextual (*see People v Hall*, 64 AD3d 665 [2009]; *People v Morrison*, 220 AD2d 694, 695 [1995]). While uneven application of race-neutral factors does not always indicate pretext (*see People v Allen*, 86 NY2d at 110), the circumstances here support a finding of pretext, as the prosecutor had a much stronger reason for exercising a peremptory challenge to strike the white juror than the second black prospective juror (*see People v Morrison*, 220 AD2d at 695). While the defendant's specific contention in this regard is unpreserved for appellate review (*see People v Smith*, 81 NY2d 875 [1993]), we nonetheless reach the issue in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6]).

"For the purposes of equal protection, the constitutional violation is the exclusion of *any* blacks solely because of their race" (*People v Jenkins*, 75 NY2d 550, 559 [1990]). Accordingly, the race-based challenges to the two subject prospective jurors require reversal and a new trial. In view of our decision, we need not determine whether peremptory challenges exercised

by the prosecutor with regard to other black prospective jurors were race-based (*see People v Hall*, 64 AD3d at 666). Leventhal, J.P., Hall, Austin and Roman, JJ., concur.