Appeal by the defendant from a judgment of the County *940 Court, Nassau County (Grella, J.), rendered July 18, 2011, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is reversed, on the law, and a new trial is ordered.
The defendant contends that he was deprived of a fair trial as a result of the prosecutor’s cross-examination of a correction officer whom the defense called as a witness and who appeared in uniform to testify and identified himself as a correction officer, on the basis that the prosecutor sought to elicit testimony which would demonstrate that he had been incarcerated pending trial. This contention is without merit. While evidence indicating that a defendant was incarcerated pending trial may impair a defendant’s presumption of innocence (see People v Jenkins, 88 NY2d 948, 951 [1996]; People v Randolph, 18 AD3d 1013, 1015 [2005]; People v Machicote, 251 AD2d 684, 684 [1998]; People v Pelt, 161 AD2d 284, 284 [1990]; People v Connor, 137 AD2d 546, 550 [1988]), here, the testimony elicited from the witness on cross-examination was intertwined with that elicited by the defense on direct examination (see People v Guy, 93 AD3d 877, 879 [2012]). Moreover, neither the prosecutor nor the witness specifically indicated that the defendant had been incarcerated pending or during trial. Both the prosecutor and the witness used the term “facility.” In light of the fact that the jury was already aware, from the testimony of prior witnesses, that the defendant had been arrested and handcuffed at the scene of the crime, and transported to a police station and placed in a holding cell, the testimony of the correction officer did not suggest that the defendant remained incarcerated pending trial. Given these circumstances, the trial court was not required, sua sponte, to issue a curative instruction (see generally People v Guy, 93 AD3d at 879).
However, a new trial is necessary because the prosecutor exercised one of her peremptory challenges in a discriminatory manner with respect to a Hispanic male prospective juror (see Batson v Kentucky, 476 US 79 [1986]; People v Bell, 126 AD3d 718, 718 [2015]). Under both state and federal law, the use of peremptory challenges in a racially discriminatory manner is prohibited (see Batson v Kentucky, 476 US at 85; People v Kern, 75 NY2d 638, 649 [1990]). Trial courts must follow a three-step protocol to determine whether a party has used its peremptory challenges in a racially discriminatory manner. First, the moving party contesting the peremptory challenges must allege sufficient facts to make a prima facie showing that the prospective jurors were challenged because of race (see People v Smo *941 cum, 99 NY2d 418, 421 [2003]). Where the moving party makes such a prima facie showing, the burden shifts to the nonmoving party to offer a race-neutral reason for each of the disputed peremptory challenges (see People v Allen, 86 NY2d 101, 109 [1995]). If such reasons are offered, the burden shifts back to the moving party to demonstrate that the reasons, although facially neutral, are pretextual (see People v Hecker, 15 NY3d 625, 634-635 [2010]). The third step requires the trial court to make an ultimate determination as to whether the proffered reasons are pretextual (see Purkett v Elem, 514 US 765, 768 [1995]; People v Hecker, 15 NY3d at 634-635; People v Luciano, 10 NY3d 499, 503 [2008]; People v Allen, 86 NY2d at 104).
In the present case, the prosecutor used peremptory challenges to strike two prospective jurors, a Hispanic male and a Hispanic female. Defense counsel raised a Batson challenge, contending that the prosecutor was using peremptory challenges to strike prospective jurors of Hispanic origin because the defendant was Hispanic.
With respect to the Hispanic male prospective juror, the prosecutor explained that her challenge was based on his purported difficulty in understanding and responding to the trial court’s questions regarding his ability to follow the law. Defense counsel argued that the prosecutor’s explanation was pretextual, because the subject prospective juror responded that he could understand the law and follow it. Further, defense counsel argued that the prosecutor did not attempt to remove this prospective juror for cause or follow up on the trial court’s questioning of him.
As to the Hispanic female prospective juror, the prosecutor stated that the prospective juror provided very short answers in response to her questions, that she was not able to build a rapport with the prospective juror, and that the prospective juror was not communicative. Defense counsel contended that the prosecutor should have questioned the Hispanic female prospective juror further if the prosecutor believed that her answers were insufficient.
The trial court credited the prosecutor’s explanation as to the Hispanic male prospective juror, finding that he had been very hesitant and expressed difficulty with certain legal concepts in his responses. Without addressing whether the facially race-neutral explanation offered by the prosecutor for challenging the Hispanic female prospective juror was pretextual, the trial court denied the defendant’s Batson application.
Contrary to the trial court’s determination, the facially race-neutral reason proffered by the prosecutor for exercising a pe *942 remptory challenge with respect to the Hispanic male prospective juror was pretextual. Although the prosecutor argued that this prospective juror had a difficult time understanding the trial court’s questions during voir dire, this claim is not borne out by the record. Rather, the record shows that the prospective juror was repeatedly asked the same question regarding his willingness to follow the law and assured the trial court more than once that he would follow the law as it was provided. While this prospective juror asked for one of the court’s questions to be repeated, and expressed that he did not understand compound questions when they were asked of him, never during the questioning by the trial court did he give a conflicting answer or state that he would not or could not follow the law. Indeed, any appearance of a lack of understanding on the part of this prospective juror is attributable to confusion caused by the manner in which the trial court intervened during the prosecutor’s questioning of the juror: while a question was pending before the juror, the court asked compound questions of him.
Moreover, the prosecutor’s failure to pursue questioning of this prospective juror, whom she purportedly believed could not follow the law, despite repeated assurances by the prospective juror to the contrary, also renders the basis for the challenge pretextual (see People v Bell, 126 AD3d at 719).
We further note that the trial court did not perform the third step of the Batson protocol with respect to the Hispanic female prospective juror. The trial court failed to make a finding as to whether the explanation offered by prosecutor, although facially race-neutral, was pretextual and not the genuine reason for the challenge with respect to this prospective juror (see People v Smocum, 99 NY2d at 422; People v Payne, 88 NY2d 172, 183 [1996]). However, because the race-based challenge to the Hispanic male prospective juror requires reversal and a new trial, we need not remit the matter to the trial court to hear and report on the third step of the Batson process with respect to the Hispanic female prospective juror.
In view of our determination, we need not reach the defendant’s remaining contention. Skelos, J.R, Balkin, Austin and Barros, JJ., concur.