# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**688**

**KA 08-01006**

PRESENT: CENTRA, J.P., LINDLEY, CURRAN, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                            V                            MEMORANDUM AND ORDER

BRANDON L. ROBINSON, DEFENDANT-APPELLANT.

---

CHARLES T. NOCE, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (David D. Egan, J.), rendered April 3, 2008. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree, criminally using drug paraphernalia in the second degree and unlawful possession of marihuana.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), criminally using drug paraphernalia in the second degree (§ 220.50 [2]), and unlawful possession of marihuana (§ 221.05). On June 28, 2007, officers from the Rochester Police Department executing a search warrant entered defendant's apartment building and observed him standing in the first floor hallway next to a dryer. When defendant saw the officers, he ran into his apartment. The officers entered the apartment and found four men—defendant, Jasman Campbell, and two others—in a 10-foot-by-10-foot room with cocaine, marihuana, and several dozen small plastic bags. In addition, the officers found "two clear knotted bags" containing crack cocaine in the dryer and $460 in small bills on defendant's person. The officers found no money on Campbell's person, nor did they find a pipe or other equipment in the apartment such as would facilitate personal use of crack cocaine. Upon his arrest, defendant made a request of the officers, which the People later disclosed to defendant in a CPL 710.30 notice: "Please board up or lock up my apartment. All my possessions are inside." Defendant, Campbell, and the two other men were to be tried jointly but, before that happened, Campbell pleaded guilty to criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) in exchange for the minimum sentence. At trial, Campbell testified for

the defense that he alone possessed and sold the drugs, and that he did not share the proceeds of the sales with defendant.

We reject defendant's contention that Supreme Court erred in admitting evidence that he possessed $460 in cash at the time of his arrest.  It is well settled that where a defendant is charged with possession of a controlled substance with intent to sell, evidence of money found on the defendant's person at the time of the arrest constitutes circumstantial evidence of defendant's intent to sell (*see People v Mosby*, 237 AD2d 990, 990, *lv denied* 90 NY2d 861; *see also People v Lowman*, 49 AD3d 1262, 1263, *lv denied* 10 NY3d 936).

Viewing the evidence in light of the elements of the crimes and the violation as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's further contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).  We note, specifically, that the determination whether to discredit Campbell's testimony was within the province of the jury, and its determination "should not be lightly disturbed" (*People v Harris*, 15 AD3d 966, 967, *lv denied* 4 NY3d 831).

Finally, defendant failed to preserve for our review his contention that the court erred in permitting the People to use a peremptory challenge based on race.  Defendant did not object to the challenge at trial, and he cannot rely on the objection of a codefendant's attorney as a basis for preservation (*see People v Neil*, 213 AD2d 1014, 1014, *lv denied* 86 NY2d 783).  In any event, defendant's contention lacks merit.  The prospective juror's distrust of and past involvement with the law enforcement community constituted an indisputably race-neutral, nonpretextual reason for the People's use of a peremptory challenge (*see generally People v Smocum*, 99 NY2d 418, 423).

Entered:  September 30, 2016                    Frances E. Cafarell
                                               Clerk of the Court