THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER BROWN, Appellant. [61 NYS3d 101]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered November 9, 2015, convicting him of criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and the facts, and a new trial is ordered.

The defendant contends that the Supreme Court erred in granting the prosecution's peremptory challenges to two prospective black jurors because the prosecution's race-neutral explanations for challenging those potential jurors were pretextual (*see Batson v Kentucky*, 476 US 79 [1986]; *People v Kern*, 75 NY2d 638 [1990]). During jury selection, the defendant made an application to the court pursuant to *Batson v Kentucky* (476 US 79 [1986]), arguing that the prosecution was exercising its peremptory challenges in a discriminatory manner against prospective black jurors. The prosecutor proffered an explanation for challenging one of the prospective black jurors at issue, No. 15, citing certain facial expressions made by that prospective juror which led him to believe that the prospective juror would "be more inclined to disbelieve police officers." The prosecutor also proffered an explanation for challenging two of the other prospective black jurors at issue, Nos. 2 and 8, stating that those potential jurors had failed to give satisfactory responses to certain hypothetical questions posed during voir dire. In response, defense counsel argued, among other things, that other prospective jurors who were not black had answered the subject hypothetical questions in the same way that prospective jurors Nos. 2 and 8 had answered, and that the prosecution had not sought to challenge those prospective jurors.

The Supreme Court determined that the prosecutor's explanation for challenging prospective juror No. 15 was pretextual, and seated her as a juror. However, the court determined that the prosecutor's explanations for challenging prospective jurors Nos. 2 and 8 were not pretextual, and denied the defendant's application with respect to those two prospective jurors.

New York courts apply the three-step test of *Batson v Kentucky* (476 US 79 [1986]) to determine whether a party has used peremptory challenges to exclude potential jurors for an impermissible discriminatory reason (*see People v Smocum*, 99 NY2d 418, 421-422 [2003]; *People v Jones*, 139 AD3d 878, 879 [2016]; *People v Carillo*, 9 AD3d 333, 334 [2004]). "The first step requires that the moving party make a prima facie showing of discrimination in the exercise of peremptory challenges; the second step shifts the burden to the nonmoving party to provide race-neutral reasons for each juror being challenged; and the third step requires the court to make a factual determination as to whether the race-neutral reasons are merely a pretext for discrimination" (*People v Carillo*, 9 AD3d at 334; *see People v Smocum*, 99 NY2d at 421-422; *People v Jones*, 139 AD3d at 879).

Here, the record demonstrates that the race-neutral reasons for challenging prospective jurors Nos. 2 and 8 were not applied equally to exclude other prospective jurors who were not black, even though those other jurors had answered the subject hypothetical questions in the same way that prospective jurors Nos. 2 and 8 had answered. Although the uneven application of race-neutral factors does not always indicate pretext where the prosecution can articulate other legitimate reasons to justify the uneven use of its challenges (*see People v Allen*, 86 NY2d 101, 110 [1995]), the prosecution here failed to do so. Under the circumstances, we conclude that the nonracial bases advanced by the prosecutor for challenging prospective jurors Nos. 2 and 8 were pretextual (*see People v Fabregas*, 130 AD3d 939, 942 [2015]; *People v Bell*, 126 AD3d 718, 720 [2015]; *People v Hall*, 64 AD3d 665, 666 [2009]; *People v Morrison*, 220 AD2d 694, 695 [1995]; *see also People v Hurdle*, 99 AD3d 943, 944 [2012]). Accordingly, the defendant is entitled to a new trial (*see People v McIndoe*, 277 AD2d 252 [2000]).

Since there must be a new trial, we reach the defendant's contention that the Supreme Court erred in admitting evidence that the police found $2,120 in cash in his possession when he was arrested. This contention is without merit. Since the defendant was charged with criminal possession of a controlled substance in the third degree under Penal Law § 220.16 (1), which requires proof of the intent to sell, the court correctly found that the evidence regarding the defendant's possession of the $2,120 in cash was relevant (*see People v Whaley*, 70 AD3d 570, 571 [2010]; *People v Leak*, 66 AD3d 403, 404 [2009]; *People v Rodriguez*, 233 AD2d 409, 410 [1996]; *People v Strunkey*, 221 AD2d 387 [1995]; *People v Boomer*, 221 AD2d

351, 352 [1995]; *People v Charles*, 212 AD2d 541, 541-542 [1995]; *People v Woodson*, 198 AD2d 535 [1993]).

Further, as the defendant contends, and the People properly concede, he was incorrectly sentenced as a second felony offender. An out-of-state conviction may be used as a predicate felony conviction where its elements are equivalent to those of a New York felony (*see* Penal Law § 70.06 [1] [b] [i]; *People v Jurgins*, 26 NY3d 607, 613 [2015]; *People v Yusuf*, 19 NY3d 314, 321 [2012]; *People v Muniz*, 74 NY2d 464, 467-468 [1989]; *People v Gonzalez*, 61 NY2d 586, 590 [1984]). The elements of Connecticut General Statutes § 53-21 (a) (2), under which the defendant was convicted, are not equivalent to those of any New York felony. However, because a new trial is required, we need not consider whether the sentence imposed by the Supreme Court was nevertheless appropriate or was affected by its mistaken belief that the defendant was a predicate felon (*see People v Ballinger*, 99 AD3d 931, 932 [2012]).

In light of the foregoing, we need not reach the defendant's remaining contention. Dillon, J.P., Roman, Miller and LaSalle, JJ., concur.