People v Zelaya (2019 NY Slip Op 02364)





People v Zelaya


2019 NY Slip Op 02364


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2013-06915
 (Ind. No. 770-13)

[*1]The People of the State of New York, respondent,
v
Juan Pablo Zelaya, appellant.


Carol E. Castillo, East Setauket, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Caren C. Manzello of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Barbara Kahn, J.), rendered June 18, 2013, convicting him of predatory sexual assault against a child, rape in the first degree, course of sexual conduct against a child in the first degree, sexual abuse in the first degree (two counts), and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
The evidence at the suppression hearing demonstrated that when a police officer arrived at the complainant's home in response to a report of a domestic incident, the officer asked the defendant if he knew why the police had been called, and the defendant gave an inculpatory response. Subsequently, after being taken to the police precinct and advised of his Miranda rights, (see Miranda v Arizona, 384 US 436), the defendant gave oral and written statements to the police. We agree with the County Court's determination that the defendant's initial pre-Miranda statement to the officer was not the product of a custodial interrogation (see People v Paulman, 5 NY3d 122, 129; People v Huffman, 41 NY2d 29, 33-34; People v Valentin, 118 AD3d 823, 824; People v Hardy, 77 AD3d 133, 141). We also agree with the court's determination that the defendant was advised of his Miranda rights and that he knowingly, voluntarily, and intelligently waived them at the precinct prior to giving his subsequent statements (see Miranda v Arizona, 384 US 436; People v Hall, 145 AD3d 915, 916; People v Brown, 113 AD3d 785, 785). The evidence at the suppression hearing further demonstrated that an officer translated the Miranda rights into Spanish for the Spanish-speaking defendant and that the defendant's written statement was read back to him in Spanish before he signed and adopted the statement as his own (see People v Mora, 57 AD3d 571, 572; People v Fabricio, 307 AD2d 882, 883, affd 3 NY3d 402). Consequently, we agree with the court's determination to deny that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
The defendant's contention that he was deprived of a fair trial based upon a prospective juror's comments and the testimony of two witnesses indicating that the defendant was [*2]incarcerated pending trial is unpreserved for appellate review (see CPL 470.05[2]; People v Brehon, 267 AD2d 318, 318; People v Jackson, 239 AD2d 433, 433). In any event, this contention is without merit. Evidence indicating that a defendant was incarcerated pending trial may impair a defendant's presumption of innocence (see People v Jenkins, 88 NY2d 948, 951; People v Fabregas, 130 AD3d 939, 940; People v Machicote, 251 AD2d 684, 684; People v Connor, 137 AD2d 546, 550). Here, however, neither the prospective juror nor the two witnesses specifically indicated that the defendant had been incarcerated pending or during trial. Given that the jury was aware that the defendant had been handcuffed, placed into custody, and taken to the police precinct, the comments of the prospective juror and the witnesses' testimony did not suggest that the defendant remained incarcerated pending trial (see People v Fabregas, 130 AD3d at 940). Under these circumstances, the County Court was not required, sua sponte, to issue a curative instruction (see id.; see generally People v Guy, 93 AD3d 877, 879).
The defendant's contention that the County Court erred in the manner in which it conducted the competency hearing for a then eight-year-old witness is unpreserved for appellate review (see CPL 470.05[2]). In any event, the court properly determined that the witness was competent to give sworn testimony (see CPL 60.20[2]; People v Morales, 80 NY2d 450, 452-453; People v Ramos, 164 AD3d 1267; People v Thompson, 119 AD3d 966, 967; People v Mendoza, 49 AD3d 559, 560).
The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d at 348-349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant was not deprived of the effective assistance of counsel (see People v Wragg, 26 NY3d 403, 412; People v Benevento, 91 NY2d 708, 712).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit.
MASTRO, J.P., COHEN, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court