People v Gurtata (2021 NY Slip Op 50882(U))

[*1]

People v Gurtata (Daulat)

2021 NY Slip Op 50882(U) [73 Misc 3d 127(A)]

Decided on September 9, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 9, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELIZABETH H. EMERSON, J.P., JERRY GARGUILO, HELEN
VOUTSINAS, JJ

2019-1017 S CR

The People of the State of New York,
Respondent,
against
Daulat R. Gurtata, Appellant. 

Scott Lockwood, for appellant.
Suffolk County District Attorney (Alfred J. Croce of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, First District (James W.
Malone, J.), rendered May 1, 2019. The judgment, upon a jury verdict, convicted defendant of
assault in the third degree, and imposed sentence.

ORDERED that the judgment of conviction is reversed, on the law, and the matter is
remitted to the District Court for a new trial.
Defendant was charged in a misdemeanor information with assault in the third degree (Penal
Law § 120.00 [1]). During jury selection, the court denied defense counsel's Batson
challenge (see Batson v Kentucky, 476 US 79 [1986]) to the People's exercise of
peremptory challenges to excuse two prospective jurors who were, like defendant, "people of
color." Following the trial, defendant was convicted as charged.
In conducting an independent review of the weight of the evidence (see CPL 470.15
[2]; People v Danielson, 9 NY3d 342, 348 [2007]), we accord great deference to the
factfinder's opportunity to view the witnesses, hear their testimony, and observe their demeanor
(see People v Lane, 7 NY3d 888, 890 [2006]; People v Mateo, 2 NY3d 383, 409
[2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). We find that the verdict was not
against the weight of the evidence.
"[T]he case of Batson v Kentucky (476 US 79 [1986]) directs a three-step analysis
for determining whether peremptory challenges have been used to exclude potential jurors for
[*2]impermissibly discriminatory reasons" (People v Taylor, 185 AD3d 724,
725-726 [2020]). "At step one, 'the moving party bears the burden of establishing a prima facie
case of discrimination in the [opponent's] exercise of peremptory challenges' " (People v
Hecker, 15 NY3d 625, 634 [2010], quoting People v Smocum, 99 NY2d 418, 420
[2003]; see People v Bridgeforth, 28 NY3d 567, 572-575 [2016]). The second step shifts
the burden to the nonmoving party to provide race-neutral reasons for peremptorily challenging
each of the contested jurors (see People v Payne, 88 NY2d 172, 181 [1996]). "If the
nonmoving party fails to meet that burden, the Batson challenge is established"
(People v Taylor, 185 AD3d at 726). If, however, the nonmoving party provides facially
permissible, nondiscriminatory reasons for the exercise of the contested peremptory challenges,
the third step of the Batson challenge is then reached (see People v Smocum, 99
NY2d 418; People v Allen, 86 NY2d 101 [1995]). "At the third step, the burden shifts
back to the moving party to prove purposeful discrimination and the trial court must determine
whether the proffered reasons are pretextual" (People v Hecker, 15 NY3d at 634-635
[internal quotation marks and citation omitted]; see People v Smocum, 99 NY2d at 422;
People v Allen, 86 NY2d at 104). As the Court of Appeals has cautioned, "meaningful
inquiry into the question of discrimination" requires an adherence to this "crucial process"
(People v Smocum, 99 NY2d at 423).
Here, after the defense made a prima facie showing of discrimination in the prosecutor's
peremptory challenges to excuse the two prospective jurors who were, like defendant, "people of
color" (see People v Bridgeforth, 28 NY3d 567), the prosecutor provided
nondiscriminatory reasons for the challenges (see People v Dunham, 172 AD3d 524 [2019]; People v Schumaker, 136 AD3d
1369 [2016]; People v Johnson,
73 AD3d 578 [2010]; People v
Hall, 53 AD3d 552 [2008]). In response, defense counsel established that the reasons
offered by the People, although facially neutral, were pretextual and not the genuine reasons for
the challenges (see People v
Fabregas, 130 AD3d 939 [2015]). Consequently, defendant is entitled to a new trial
(see People v McIndoe, 277 AD2d 252 [2000]).
In view of the foregoing, we do not reach defendant's remaining contentions.
Accordingly, the judgment of conviction is reversed and the matter is remitted to the District
Court for a new trial.
EMERSON, J.P., GARGUILO and VOUTSINAS, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 9, 2021