People v Johnson (2021 NY Slip Op 06627)





People v Johnson


2021 NY Slip Op 06627


Decided on November 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
VALERIE BRATHWAITE NELSON
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2019-00990
 (Ind. No. 953/17)

[*1]The People of the State of New York, respondent,
v
Corey Johnson, appellant.


Patricia Pazner, New York, NY (White & Case, LLP [Christopher D. Stewart and Abdul M. Hafiz], of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Sharon Y. Brodt, and Russell Shapiro of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Charles Lopresto, J.), rendered December 7, 2018, convicting him of criminal possession of a controlled substance in the fourth degree, criminal possession of a controlled substance in the seventh degree, and criminally using drug paraphernalia in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law and the facts, and a new trial is ordered.
Throughout three rounds of jury selection, the prosecutor exercised five peremptory challenges to exclude prospective black jurors, including S.K. S.K., a school counselor for the New York City Department of Education, indicated that something does not make sense to her when "something doesn't follow logic or kind of like when your children tell you a story about what happened at school, something doesn't make sense, there seems to be a missing part. You are thinking, I am not sure if this is the truth." Following this statement, S.K. stated that she would not shift the prosecutor's burden of proof beyond a reasonable doubt to the defendant.
After the third round of jury selection, the defendant made a Batson challenge (see Batson v Kentucky, 476 US 79). Following the Supreme Court's finding that the defendant established a prima facie showing of discrimination, the court asked that the prosecutor provide race-neutral reasons for exercising peremptory challenges as to the five prospective black jurors. When providing a race-neutral reason for exercising a peremptory challenge as to S.K., the prosecutor stated that S.K. "is a school counselor and . . . when talking about how she would . . . settle disputes amongst two parties, indicated that she wanted to hear from both sides." Defense counsel disputed this reason, and argued that the prosecutor did not exercise a peremptory challenge as to prospective white juror N.Z., a school counselor who "indicated that she would need to hear both stories" when working through a conflict between two children at work. The court then acknowledged that the prosecutor did not use a peremptory challenge as to N.Z., and that "[s]he is a white female." The court denied the defendant's Batson challenge.
"New York courts apply the three-step test of Batson v Kentucky (476 US 79) to determine whether a party has used peremptory challenges to exclude potential jurors for an impermissible discriminatory reason" (People v Alexander, 168 AD3d 755, 755-756; see People v Smocum, 99 NY2d 418, 421-422). "The first step under Batson requires a defendant to make a prima facie case 'by showing that the totality of the relevant facts gives rise to an inference of discriminatory purpose'" (People v Chery, 117 AD3d 962, 963, quoting Batson v Kentucky, 476 US at 94). "This first step 'is not to be onerous,' and is satisfied 'by producing evidence sufficient to permit the trial judge to draw an inference that discrimination has occurred'" (People v Chery, 117 AD3d at 963, quoting People v Hurdle, 99 AD3d 943, 943). "Once a defendant has made his or her prima facie showing of discrimination, the inquiry proceeds to the second step, where 'the burden shifts and the prosecution must come forward with a race-neutral explanation for its challenged peremptory choices'" (People v Hurdle, 99 AD3d at 943, quoting People v Childress, 81 NY2d 263, 266). "[I]f the prosecution meets its burden, the inference of discrimination is overcome, and the third step of the Batson inquiry requires the court to make 'an ultimate determination on the issue of discriminatory intent based on all of the facts and circumstances presented'" (People v Hurdle, 99 AD3d at 943, quoting People v Smocum, 99 NY2d at 422).
We agree with the defendant's contention that the Supreme Court erred in denying the defendant's Batson challenge as to S.K. The defendant correctly contends that the court erred in finding that the prosecutor's race-neutral reason for striking S.K. was not a pretext for discrimination. Here, the record demonstrates that the articulated race-neutral reasons for challenging S.K. were not applied equally to exclude a prospective juror, N.Z., who was not black and could have been challenged by the prosecutor for the same reasons. "Although the uneven application of race-neutral factors does not indicate pretext where the prosecution can articulate other legitimate reasons to justify the use of its challenges" (People v Brown, 153 AD3d 850, 851, citing People v Allen, 86 NY2d 101, 110), the prosecution here failed to do so. Under these circumstances, we conclude that the nonracial bases advanced by the prosecutor for challenging S.K. were pretextual and "give[ ] rise to an inference of discriminatory intent" (Snyder v Louisiana, 552 US 472, 485; see also Purkett v Elem, 514 US 765, 768; Hernandez v New York, 500 US 352, 365; People v Brown, 153 AD3d at 851; People v Fabregas, 130 AD3d 939, 942; People v Bell, 126 AD3d 718, 720; People v Hall, 64 AD3d 665, 666; People v Morrison, 220 AD2d 694, 695). Accordingly, the defendant is entitled to a new trial (see People v Brown, 153 AD3d at 851; People v Hall, 64 AD3d at 666; People v McIndoe, 277 AD2d 252).
The striking of even a single prospective juror for a discriminatory purpose is constitutionally forbidden, and, therefore, we need not determine whether the peremptory challenges exercised by the prosecutor with regard to the other prospective black jurors were race-based (see People v Brown, 153 AD3d at 851; see also Snyder v Louisiana, 522 US at 478; People v Jenkins, 75 NY2d 550, 559).
In light of our determination, we need not reach the defendant's remaining contentions.
MASTRO, J.P., BRATHWAITE NELSON, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court